## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

MARK McCARTHY

                                    Plaintiff,

                -v.-

                                             5:19-CV-1386
MEGAN J. BRENNAN,                                    (DNH/ATB)
Postmaster General,

                                  Defendant.

MARK McCARTHY, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint, together with an application to proceed in forma pauperis ("IFP"), submitted by pro se plaintiff, Mark McCarthy. (Dkt. Nos. 1, 2).

## I.   IFP Application

### A.   Legal Standards

The filing fee for a civil action in federal court is currently $350.00 with an administrative fee of $50.00. 42 U.S.C. § 1914(a) & (b).[1]  The court is authorized to permit a litigant to proceed IFP if the court determines that the party is "unable to pay the required filing fee," and the court must determine whether the plaintiff has demonstrated sufficient economic need. *Maretta Brooks v. Hanuszczak*, No. 5:18-CV-426, 2018 WL 2021480, at *2 (N.D.N.Y. Apr. 26, 2018) (citing 28 U.S.C. § 1915(a)(1)). The decision of whether to grant an application to proceed IFP rests within the discretion of the court. *Id.* (citing *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir.

---

[1] The $50.00 administrative fee is consistent with the Judicial Conference Schedule of Fees. https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1983)). The plaintiff must demonstrate that "'paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.'" *Id.* (quoting inter alia *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (Fed. Cl. 2007)). The Second Circuit has stated that "'no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life.'" *Id.* (quoting *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983)).

## B.    Application

In plaintiff's application to proceed IFP, he indicates that his total income is approximately $4,676.00 per month, and he appears to have $1,500.00 in "a checking or savings account."[2] (Dkt. No. 2 at 1-2). With a total take home income of $4,676.00 per month, plaintiff makes more than $56,112.00 per year. The court understands that plaintiff also has expenses. Plaintiff states that he has three children who are dependent on him for support, but has neglected to answer the question of how much he contributes to their support. (Dkt. No. 2 at 2). Plaintiff states that his expenses are $1,790 per month, and that he has a wage "garnishment" of 10%, but does not indicate what that garnishment is for, whether it relates to the support of the children,[3] or even whether the 10% was already included in plaintiff's calculation of his "take-home" pay.

In any event, with $1,500.00 in the bank, and a substantial amount of income, it does not appear that plaintiff meets the financial eligibility requirements to proceed without payment of fees, notwithstanding his expenses. Thus, this court will recommend denying the plaintiff's application to proceed without payment of fees at

---

[2] The court notes that the amount that plaintiff indicates he has in a checking or savings account is unclear. The court has interpreted the writing as $1,500.00.

[3] The court notes that only one of the children is under 18 years old. (Dkt. No. 2 at 2).

this time.[4]  If the District Court adopts this Recommendation, plaintiff may be given

thirty (30) days within which to pay the filing fee.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's application to proceed IFP (Dkt. No. 2) be

**DENIED**, and it is

**RECOMMENDED**, that if the District Court adopts this Recommendation,

plaintiff be directed to pay the filing fee within **THIRTY (30) DAYS** of the court's

order and it is

**RECOMMENDED**, that if the District Court adopts this Recommendation,

plaintiff pays the filing fee and wishes to amend his complaint, he be directed to do so

within **THIRTY (30) DAYS** of the court's order, and any proposed amended complaint

---

[4] The court also notes that plaintiff states in his complaint that he will be "amending" his "suit within 21 days." (Complaint ("Compl." ¶ 8).  If plaintiff is planning to amend his complaint, he should be aware that, although Title VII protects against gender discrimination (42 U.S.C. §2000e et seq.), it does *not* protect against disability discrimination against federal employees. The appropriate statute is section 501 of the Rehabilitation Act, 29 U.S.C. § 791(f). *Wallace v. Esper*, No. 18-CV-6525, 2019 WL 4805813, at *5 (S.D.N.Y. Sept. 30, 2019) (federal employee's only remedy for disability discrimination is section 501 of the Rehabilitations Act, which applies the same standards as the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.) *See also* 42 U.S.C. § 12111(5)(B)(i) (the definition of employer under the ADA specifically does not include "the United States, a corporation wholly owned by the government of the United States, or an Indian tribe."  In addition, plaintiff does not coherently allege anywhere in his complaint specifically how he claims he was discriminated against by the United States Postal Service.  Thus, if plaintiff amends his complaint, he should identify the conduct that he claims was discriminatory, including the dates of the alleged discrimination. Although he checks boxes on the form Title VII complaint indicating that he was discriminated against based on his sex, that defendant failed to promote him, reduced his wages, subjected him to unequal terms and conditions of employment, and "retaliated" against him, there are no specific facts supporting these allegations.  Finally, if plaintiff is claiming some sort of disability "discrimination," he must indicate what he believes to be his disability.  In his first cause of action, he claims that his "Disability Rating at the VA has gone from 0 to 70%." (Compl. ¶ 9).  This implies that plaintiff was not disabled until after the defendant's conduct.  Plaintiff should clarify his claims in any proposed amended complaint.

be sent to me for my initial review,[5] and it is

ORDERED, that the Clerk serve a copy of this Order and Report-Recommendation on the pro se plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72

Dated: November 14, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[5] The court notes that, even if a pro se plaintiff pays the filing fee, the court may review the complaint and may dismiss any action that is frivolous. The district court has "the inherent authority to sua sponte dismiss a fee-paid action as frivolous." *Mendez Da Costa v. Marcucilli*, No. 18-1859, __ F. App'x __, 2019 WL 5618160, at *1 (2d Cir. Oct. 31, 2019) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 854 F.3d 150, 157 (2d Cir. 2000)).